IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| QUALITY JEEP CHRYSLER, INC., n/k/a QUALITY AUTOMOTIVE SALES AND SERVICE, INC.,<br><br>    Plaintiff,<br><br>vs.<br><br>CHRYSLER GROUP, LLC,<br><br>    Defendant,<br>and<br><br>LARRY H. MILLER CORPORATION - ALBUQUERQUE, d/b/a LARRY H. MILLER CHRYSLER JEEP DODGE ALBUQUERQUE,<br><br>    Necessary Party Defendant. | No. 1:10-cv-00900-PJK-RHS |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant Chrysler Group LLC's Motion to Transfer filed October 7, 2010 (Doc. 10). Upon consideration thereof, the motion is not well taken and should be denied.

Background

Plaintiff Quality Jeep Chrysler, Inc. ("Quality"), seeks the enforcement of an award issued in an arbitration conducted pursuant to the mandate in Section 747 of the Consolidated Appropriations Act of 2010 ("Section 747"), Pub. L. No. 111-117, 123 Stat. 3034, contending that a letter of intent sent to Quality by Chrysler following this arbitration was not "customary and usual" within the meaning of Section 747(e).

Briefly, on April 30, 2009, Chrysler Group's predecessor ("Old Chrysler") filed for Chapter 11 bankruptcy protection in the Southern District of New York. Rather than liquidating, Old Chrysler sold substantially all of its assets to a buyer group (Fiat) that ultimately became Chrysler Group. As part of the Purchase Agreement, Chrysler Group agreed to accept approximately 2,400 of Old Chrysler's dealer agreements. The remaining 789 agreements were excluded from the purchased assets. The sale closed on June 10, 2009. On May 14, 2009, Old Chrysler filed a motion with the Bankruptcy Court seeking authorization to reject 789 dealer agreements that Chrysler Group did not agree to purchase. The Bankruptcy Court approved the rejections on June 9, 2010.

Quality was one of these rejected dealers. Quality was located down the street from Zangara Dodge, an insolvent Dodge dealer whose franchise was not rejected as part of the bankruptcy. Doc. 1 at 3-4. After closing, Zangara sold its Dodge franchise to Larry H. Miller Corporation-Albuquerque ("Miller"), and, on

August 26, 2009, Chrysler entered into a one-year sales and service agreement granting Miller the rights to Chrysler and Jeep lines. Id.

In December 2009, Congress enacted Section 747, which provides,

> A covered dealership that was not lawfully terminated under applicable State law on or before April 29, 2009, shall have the right to seek, through binding arbitration, continuation, or reinstatement of a franchise agreement, or to be added as a franchisee to the dealer network of the covered manufacturer in the geographical area where the covered dealership was located when its franchise agreement was terminated, not assigned, not renewed, or not continued.

§ 747(b). It further provides, "If the arbitrator finds in favor of a covered dealership, the covered manufacturer shall as soon as practicable, but not later than 7 business days after receipt of the arbitrator's determination, provide the dealer a customary and usual letter of intent to enter into a sales and service agreement." § 747(e).

About 400 dealers elected to arbitrate. Doc. 10 at 5. Thirty-two dealers ultimately prevailed. Doc. 15 at 9. Plaintiff prevailed in arbitration and was subsequently issued what Chrysler Group asserts is a Section 747-compliant Letter of Intent ("LOI"). Plaintiff disputes the letter's compliance with Section 747, arguing that the letter issued imposed new and burdensome requirements, rendering its terms outside what could be considered "usual and customary." Plaintiff now seeks, among other things, enforcement of the arbitration award, namely, the issuance of what it deems a customary and usual LOI; declaratory judgment that Section 747 preempts the New Mexico Motor Vehicle Dealer

3

Franchise Act, N.M. Stat. Ann. §§ 57-16-1 to 16, which in many cases prohibits establishment of an additional franchise for the same line-make in a market area served by an existing dealer, such that Plaintiff's reinstatement down the street from Miller does not constitute a violation of state law; and an order enjoining Chrysler from continuing alleged violations of the New Mexico Motor Vehicle Dealer Franchise Act, namely, the sale of Jeep and Chrysler line-make cars to Miller.  Doc. 1 at 13-14, 17-22.

Plaintiff is not the only dealer who disputes the legality of its LOI. Pending cases in Michigan and other states also involve former dealers who prevailed in arbitration and dispute the legality of their subsequently issued LOIs. Doc 10 at 6.  Of the cases in Michigan,  one was filed by Chrysler Group against two former Michigan dealers (and later amended to include dealers from Illinois and New Jersey); one was filed by a former Michigan dealer against Chrysler; and a third was filed by Chrysler naming dealers in Colorado, Montana, California, Wisconsin, Florida, and Ohio.  Id. at 7-8; see Chrysler Group LLC v. Fox Hills Motor Sales, Inc., 10-CV-12984 (E.D. Mich. filed Jul. 28, 2010); Livonia Chrysler Jeep, Inc. v. Chrysler Group, LLC, No. 10-CV-13290 (E.D. Mich. filed Aug. 19, 2010);  Chrysler Group LLC v. Sowell Automotive Inc., 10-CV-13908 (E.D. Mich. filed Sept. 30, 2010); see also Conti-Causeway Ford, Inc. d/b/a Causeway Jeep v. Chrysler Group, LLC, No. 10-CV-04081 (D.N.J. filed Aug. 9, 2010);  Los Feliz Ford, Inc., d/b/a Star Chrysler Jeep v. Chrysler Group, LLC,

No. 10-CV-06077 (C.D. Cal. filed Aug. 16, 2010); Eagle Auto Mall, et al. v. Chrysler Group, LLC, No. 10-CV-3876 (E.D.N.Y. filed Aug. 24, 2010); South Holland Dodge, Inc. v. Chrysler Group, LLC, No. 10-CV-05671 (N.D. Ill. filed Sept. 7, 2010); B.G.R., LLC d/b/a Deland Dodge v. Chrysler Group, LLC, No. 10-CV-1083 (M.D. Fla.), remanded to 2010 12407 CIDL (Fla. Cir. Ct.); Century Motor Corp. v. Chrysler Group, LLC, No. 10-CV-01088 (E.D. Mo. dismissed Sept. 24, 2010).

## Discussion

Title 28 U.S.C. § 1404(a) permits the transfer of an action to another district where it could have been brought in the interests of justice and for the convenience of the parties and witnesses. "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)). "The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient. Merely shifting the inconvenience from one side to the other, however, obviously is not a permissible justification for a change of venue." Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc., 618 F.3d 1153, 1167 (10th Cir. 2010) (internal quotation marks and citations omitted).

A number of discretionary factors together may weigh in favor or against a

motion to transfer. Thus, each of the following factors informs without determining this motion:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all [] other considerations of a practical nature that make a trial easy, expeditious, and economical.

Id. (quoting Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir.1991)).

As an initial matter, Defendant must show that this action "might have been brought" in the Eastern District of Michigan. 28 U.S.C. § 1404(a). This suit concerns the interpretation of federal law, and therefore subject matter jurisdiction exists here and in the Eastern District of Michigan under 28 U.S.C. § 1331. Chrysler Group's headquarters are located in Auburn Hills, Michigan. Doc. 10 at 9. Plaintiff questions whether Chrysler would be able to establish personal jurisdiction over Quality in the Eastern District of Michigan, Doc. 15 at 10 n.7, but, because other factors strongly suggest (and this court concludes) that transfer is unwarranted, this argument need not be addressed.

Defendant urges that this motion should be transferred because Chrysler Group already is litigating "the same factual and legal issues" before the Eastern

District of Michigan.  Doc. 19 at 1.  As noted above, this court is aware of three cases currently pending in the Eastern District of Michigan: two were filed by Chrysler and one was brought by a reinstated Michigan dealer.  These cases have been consolidated pursuant to the local rules providing for consolidation of companion cases.  See E.D.Mich. LR 83.11(b)(7)(A) ("Companion cases are cases in which it appears that:  (I) substantially similar evidence will be offered at trial, or (ii) the same or related parties are present and the cases arise out of the same transaction or occurrence.").  Defendant asserts that the Eastern District of Michigan's determination that these cases involving former dealers are related (as defined by the local rule) should control the outcome of this transfer motion.  Moreover, Defendant argues, transfer in this instance will promote the interests of justice by preventing inconsistent interpretation of Section 747 among federal courts.  This court must take these considerations into account in conjunction with the other factors.

Plaintiff's choice of forum should be accorded deference.  See Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir.1992) ("'[U]nless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed.'" (quoting William A. Smith Contracting Co. v. Travelers Indem. Co., 467 F.2d 662, 664 (10th Cir. 1972))).  No forum selection clause governs here.  The LOI provides that "Michigan law will be used to interpret this LOI."  Doc. 1 Ex D, ¶ 18.  But this matter does not involve a claim brought to enforce the LOI.

Section 747 provides, "The arbitration shall be conducted in the State where the covered dealership is located." § 747(e).  But, likewise, Section 747 does not address the appropriate forum in which to settle disputes regarding compliance with its other provisions, namely, whether a letter issued following arbitration is "usual and customary" within the meaning of the statute.

Chrysler asserts that the locus of operative facts is Michigan, where the letters of intent were created and issued.  See Doc. 19 at 3.  But Quality's principals and employees are located in New Mexico, which, by statutory mandate, was also the location of the arbitration that led to the issuance of the subject LOI.  In addition, while preliminary questions in this case involve an interpretation of federal law, a substantial portion of Quality's claims pertain to alleged violations of the New Mexico Motor Vehicle Dealers Franchising Act, N.M. Stat. Ann. §§ 57-16-1 to -16; alleged damages incurred by Quality; and actions concerning both Chrysler Group and Miller, another local auto dealership. While the court expresses no opinion on the viability of these claims, Plaintiff makes a persuasive case that the operative facts giving rise to these claims occurred in New Mexico, Plaintiff's principal place of business.

In deciding a motion to transfer, this court also considers the law to be applied.  Prior contracts between Quality and Chrysler were governed by Michigan law, which may be relevant in examining the parties' course of dealing. However, Plaintiff also brings claims under New Mexico state dealer law.  Other

issues in this matter include the Congressional intent in passing Section 747, whether Chrysler Group's LOI to Quality is "usual and customary," and the impact of Section 747 on New Mexico state dealer laws.  One thing is apparent: resolution of the federal questions in this case will not necessarily resolve all of Quality's claims relating to New Mexico state dealership law.  This court is as aptly situated to perform the interpretation and application of federal law as is a court in Michigan.  Thus, there is no significant advantage in having the Michigan court decide the entire matter.

Another factor this court considers is the relative inconvenience to witnesses.  "To demonstrate inconvenience, the movant must (1) identify the witnesses and their locations; (2) indicate the quality or materiality of their testimony; and (3) show that any such witnesses were unwilling to come to trial, that deposition testimony would be unsatisfactory, or that the use of compulsory process would be necessary."  Emp'rs Mut. Cas. Co., 618 F.3d at 1169 (internal quotation marks, alterations, and citations omitted).  Chrysler has specifically identified one witness, the National Dealer Placement Manager for Chrysler Group, located in Michigan.  Doc 10 at 6.  Other Chrysler representatives may be located in Michigan, but it appears that the Chrysler witnesses with whom Quality communicated regarding the terms of the LOI are located in Texas and Colorado.  Doc. 15 at 15 n.8.  Quality's witnesses are located in New Mexico.  Id. at 14.  Thus, this factor weighs against transfer.

Here, the convenience of the witnesses and parties, the locus of operative facts, and the involvement of local law weigh in favor of retaining this case. None of the remaining factors raised weighs decisively in favor of transfer. A transfer would achieve little more than "shifting the inconvenience from one side to the other" under the auspice of efficiency and certainly not enough to overcome the deference to be accorded Plaintiff's choice of forum. Accordingly, Defendant has not carried the burden of showing that the existing forum is so inconvenient that this case should be transferred under § 1404(a).

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED that:

(1) Defendant Chrysler Group LLC's Motion to Transfer filed October 7, 2010 (Doc. 10) is denied, and

(2) Defendant Chrysler Group LLC's Motion to Stay Pending Resolution of Its Motion to Transfer filed November 1, 2010 (Doc. 17) is denied as moot.

DATED this <u>16th</u> day of November 2010, at Santa Fe, New Mexico.

*Paul Kelly Jr.*
United States Circuit Judge
Sitting by Designation

Counsel:

Bradford C. Berge and Larry J. Montano, Holland & Hart, LLP, Santa Fe, New Mexico, for Defendant Chrysler Group, LLC.

Henry M. Bohnhoff and Leslie McCarthy Apodaca, Rodey, Dickason, Sloan, Akin & Robb, P.A., Albuquerque, New Mexico, and Murray N. Thayer, Albuquerque, New Mexico for Plaintiff Quality Jeep Chrysler, Inc.