IN THE UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

QUALITY JEEP CHRYSLER, INC.,
n/k/a QUALITY AUTOMOTIVE
SALES AND SERVICE, INC.,

Plaintiff,

v.                                          Case No. 1:10-cv-00900 PJK/WDS

CHRYSLER GROUP LLC,

Defendant,

and

LARRY H. MILLER CORPORATION –
ALBUQUERQUE, d/b/a LARRY H. MILLER
CHRYSLER JEEP DODGE ALBUQUERQUE,

Necessary Party Defendant.

## ORDER GRANTING PLAINTIFF'S MOTION
## TO COMPEL DISCOVERY FROM CHRYSLER

This matter comes before the Court on Plaintiff's Motion to Compel Discovery From Chrysler (Doc. No. 38). Being fully advised on this matter, the Court finds that the Motion to Compel is well taken and it is hereby granted.

Defendant Quality operated a Chrysler and Jeep dealership in Albuquerque, New Mexico, pursuant to an Agreement with Chrysler Motors. (Old Chrysler) Old Chrysler entered into Chapter 11 bankruptcy in April 2009. The bankruptcy court granted Old Chrysler's motion to reject Quality's Agreement and terminate the dealership. After Quality's rejection, Chrysler Group (New Chrysler) came into being on June 9, 2009 and purchased some of Old Chrysler's assets out of bankruptcy. New Chrysler also assumed the Agreements of approximately 2,200 of Old Chrysler's dealers–those that had not been terminated in bankruptcy court.

Quality sought relief under §747 of the Consolidated Appropriations Act of 2010. This section contained an arbitration provision under which terminated dealerships such as Quality could seek reinstatement of their dealership agreement. §747(e) provides as follows:

> If the arbitrator finds in favor of a covered dealership, the covered manufacturer shall as soon as practicable, but not later than 7 business days after receipt of the arbitrator's determination, provide the dealer a *customary and usual* letter of intent to enter into a sales and service agreement.

(emphasis supplied) Quality prevailed at arbitration, and duly received a letter of intent ("LOI") from the "covered manufacturer," New Chrysler. Quality alleges in its complaint that the letters of intent sent to Quality and other dealers reinstated through arbitration impose terms and conditions that have not been required of any other dealers in New Chrysler's dealer network, and that were not required of Quality prior to its termination. Essentially, the heart of Quality's complaint is that New Chrysler has complied with the letter of the law by providing it with a LOI, but violated the spirit of the law by including such punitive terms in the LOI that no rational dealership would accept the LOI.

Defendant New Chrysler's position is that it never sent LOIs to the approximately 2200 Old Chrysler dealerships whose dealership agreements it assumed from Old Chrysler. To the contrary, New Chrysler alleges that those dealership agreements are irrelevant to this case, and the only "customary and usual" LOIs are those that New Chrysler has issued since purchasing Old Chrysler assets in bankruptcy court. Presumably, the vast majority–if not all-- of those New Chrysler LOIs have been sent to dealers such as Quality that prevailed at arbitration under §747 and are seeking reinstatement.

The Federal Rules of Civil Procedure allow for the discovery of "relevant" information, defined as anything that "appears reasonably calculated to lead to the discovery of admissible

evidence." Fed. R. Civ. P. 26(b)(1); *see also United States v. Security Bank & Trust Co.*, 661 F.2d 847, 851 (10th Cir. 1981). Moreover, the Federal discovery rules are to be construed broadly and liberally. *See Schlagenhauf v. Holder*, 379 U.S. 104, 114 (1964). The purpose of the rules is to allow the parties to obtain "the fullest possible knowledge of the issues and facts before trial," subject to certain limited privileges. *Hickman v. Taylor*, 329 U.S. 495, 501 (1947).

As an initial matter, the Court rejects Defendant's limited interpretation of the "customary and usual" language of §747 as applying only to LOIs issued by New Chrysler to dealers applying for reinstatement under §747. New Chrysler has ongoing operating agreements with approximately 2200 former Old Chrysler dealers. In the Court's opinion the terms of these ongoing agreements could lead to the discovery of information that would be relevant to the allegations contained in Plaintiff's complaint. For example, Plaintiff's complaint alleges that the LOIs in question are "punitive," i.e., that they were intentionally drafted by New Chrysler to be unacceptable to any returning dealer such as Quality. If this allegation is proven true, it certainly cannot be said that such a business practice–drafting LOIs that no rational business man would accept--is "customary and usual." Furthermore, given the number of dealerships in the position of Quality, and the fact that these issues are being litigated across the country, providing the documents relating to dealership agreements with the current New Chrysler dealers cannot be said to be overly burdensome. Accordingly, the blanket objections of Defendant to the production of documents relating to Old Chrysler, whether on the basis of relevancy, overbreadth, undue burden, or whether signed or not, etc. are not well taken.

The Court has reviewed Plaintiff's disputed Requests for Production (1-31) and finds Defendant's objections not well taken. In the Court's opinion the requests are narrowly targeted to seek information that is either relevant to the issues in this case, or calculated to lead to the

discovery of relevant information in this case. The Court sees no difference whether the documents were originally created by Old Chrysler or New Chrysler. Any documents in the possession of New Chrysler that are responsive to the Request for Production are to be produced within 45 days of the date of this order unless subject to a legitimate claim of privilege. All parties in this case who seek to withhold documents on the basis of privilege are directed to prepare a privilege log that strictly conforms to the requirements of the Federal Rules of Civil Procedure.

With the foregoing ruling as a guide, Defendant is further ordered to provide amended answers to Plaintiff's interrogatories within 45 days of the date of this order.

Finally, Defendant's suggestion that Plaintiff failed to properly meet and confer is not well taken, and Defendant's position that it should be excused from discovery pending resolution of any motions relating to a stay is not well taken.

IT IS SO ORDERED.

_____
W. DANIEL SCHNEIDER
UNITED STATES MAGISTRATE JUDGE